An argument was had at the last March term in this county by Jackson and Dutton for the plaintiff, and Prescott for the defendant; after which the action stood continued for advisement; and at this term the opinion of the Court was delivered by
Sedgwick, J.
On the 23d of September, 1807, the defendant drew a check in favor of John Coates for 293 dollars 60 cents; and on the 9th of December following, another check in his favor for 1000 dollars. These remained in the hands of Coates until the first of October, * 1809, when he delivered them, with other property, to the plaintiff, who was a trustee with others of Coates’s creditors, for their general benefit. On these checks the action is brought.
Previous to the assignment of the checks, viz., on the 16th of September, 1809, the defendant purchased the note, which is filed in the case, which was then duly endorsed and delivered to him, and which is of greater amount than both the checks, on which the action is brought; and the question is, whether by law the note can be set off against the checks. — This must depend on a construction of the statutes, because a set-off, in favor of a defendant, for an existing cause of action, against a plaintiff’s action, is unknown to the common law.
Were it permitted me to suggest my own wishes upon this subject, I should not hesitate to say that it is desirable that the wisdom *350 of the legislature should establish a more extensive system of set-off. Such lias been the case in England, and it has been found greatly beneficial, and from the nature of the thing it must be so, because, the necessary consequence is, to diminish the number of actions. The inquiry, however, is, whether the system which has been adopted will comprehend the set-off claimed by the defendant in this action.
By the provincial act of 6 Geo. 1, c. 2, the action, in which there night be a set-off, was either “ debt or case for any sum of money due upon contract between the parties, for any goods sold or services done, whether the account be open, or a balance thereof be made and signed by the parties; except specialties and express contracts in writing.” And the act provides that, in such case, the defendant may give in evidence what is due upon his boolcs, by way of balance to the plaintiff’s demand. Here the actions, in which a set-off is authorized, are only such as are brought for goods sold or for services done; and the claim for a set-off is confined to what is due to the defendant upon his boolcs ; which, by a reasonable construction, * can, I think, only comprehend the same kind of demands as those on which the action is biought, viz., goods sold and services done.
By the statute of 1784, c. 28, $ 12, it is enacted, “ that when an action shall be brought to recover a debt due on boolc account stated by the parties, a quantum meruit, quantum valebant, or for services done upon an agreed price, the defendant may file any account he hath, in the clerk’s office seven days before the sitting of the court,” &c., “ and give the same in evidence against the plaintiff’s demand.”
It is certain, that the actions, against which there may be a set-off by this statute, do not comprehend the one now under consideration. This is an action brought upon checks given by the defendant ; those enumerated in the statute are actions “ on book account, an account stated by the parties, quantum meruit, quantum valebant, or for services done upon an agreed price.”
. Nor is the claim on the part of the defendant such a one as is authorized to be set off, by virtue either of this statute or of the provincial act. In the same section of the statute of 1784, which has been cited, it is provided that, “ if upon the trial it shall appear that there is a balance due to the defendant, he shall recover the same, in the same manner as if he had brought his action therefor.” This provision is universal, and to extend to all cases where there is a claim of set-off authorized by the statute; but it cannot have been the intention of the statute, that where one •non had purchased the negotiable paper of another, he should be *351 holden to pay any balance which was due to the man against whom he purchased it, from the man of whom he purchased it.
By the statute of 1793, c. 75, § 4, it is enacted that “ in any action brought, or which shall be brought, for any debt upon simple contract or promise in writing, not under seal, the defendant therein may give in evidence, upon the general issue, his or her demands against the plaintiff * for goods delivered, money paid, or services done, whereof an account shall be duly filed in the clerk’s office of the court whereto such action shall be brought.” That this is an action brought on “ simple contract, and promise in writing not under seal,” is true; and it therefore authorizes a set-off in the instances specified in the statute. And the only question is, whether the note, filed by the defendant in this case, is such a demand in favor of the defendant, as, in the contemplation of the statute, is a subject of set-off.
We have none of us any doubt that the point urged by the counsel for the defendant, that a negotiable security, assigned after it has become due, is subject to all the equitable considerations in the hands of the assignee, that it would be in the hands of the original owner of it, is as a general principle correct; nor are we disposed to deny the position, that the defendant might recover the amount of the note assigned to him, in an action against Coates, upon a count for money paid, laid out., and expended. But we think that, by a just construction of the statute, the subjects of set-offs are confined to transactions between the parties in the suit, (c)
When it is said, that the assignment of a negotiable security over due shall not deprive a defendant of any considerations, which might have been favorable to him, if the action had been brought by the original holder, it is meant that such facts, as would show that the security, at the time of the assignment, had become in valid'in the hands of the original holder, should equally avail the defendant against the assignee. But it never could have been intended by the statute, that an assignee should be bound to contest a demand, made by the defendant against his assignor, on a nego tiable security, which the defendant might have purchased. This might, in many instances, enable a defendant, by collusion with the assignor, to defeat the effect of an assignment; because the assignee, being a stranger to the transaction * relied upon in the defence, could have no means of protecting himself. And it would be glaringly unjust, in this case, to authorize the set-off, because it would enable the defendant, according to *352 the facts stated in the case, to recover a balance against the plaintiff ; for the statutes which have been mentioned, being made ’in pari materie, must be construed together, as if they were but one act; and the consequence is, that as there would be a balance due to the defendant, if the note were allowed as a set-off, he would recover the same, in the same manner as if he had brought his action therefor. I will only add that this, to my mind, is conclusive to show that this case is not within the statute.
The consequence of this opinion is, that the default must stand, and judgment be rendered thereon for the plaintiff.

 [Peabody vs. Peters & Al . 5 Pick. 3. — And see note to Clark vs. Leach, 10 Mass. Rep. 55 —But see Sargent & Al. vs. Southgate, 5 Pick. 316.—Braynard vs Fisher, 6 Pick 355. — Ed.]